JESS BRIEGEL, Appellant, v. ARTHUR DAY and JOHN W. HOFFMAN, Defendants, Impleaded with NELLIE KENEFICK, Individually and as Executrix, etc., of WILLIAM KENEFICK, Deceased, Respondent.

First Department, July 14, 1922.

Process — service of summons — motion to set aside on ground that service was made on Sunday — findings of referee approved by Special Term that service was made in New York city not earlier than twelve-fifteen A. M. Sunday, daylight saving time, conclusive — daylight saving time is standard where adopted under General Municipal Law, § 91 — service illegally made — General Municipal Law, § 91, not invalid as delegation of legislative power.

The findings of a referee, appointed on a motion to vacate and set aside the service of a summons on the ground that it was made on Sunday, to the effect that the service was made not earlier than twelve-fifteen A. M., daylight saving time, on Sunday, September 11, 1921, approved by the Special Term, are conclusive.

Daylight saving time wherever properly adopted by a municipality pursuant to the power given under section 91 of the General Municipal Law (added by Laws of 1921, chap. 70, as amd. by Laws of 1921, chap. 260) becomes standard time for that locality and is controlling under section 53 of the General Construction Law, providing that any act required by or in pursuance of law to be performed at or within a prescribed time shall be performed according to the standard time.

Accordingly, a summons served after midnight on Saturday within a municipality which has adopted a daylight saving time is illegally served and the service should be set aside.

Section 91 of the General Municipal Law, providing for daylight saving time and authorizing municipalities to adopt an ordinance providing for the same, is not invalid as a delegation of legislative power, for the standard of time is fixed by the Legislature and the municipalities merely apply that standard.

APPEAL by the plaintiff, Jess Briegel, from an order of the Supreme Court, made at the New York Special Term and entered

in the office of the clerk of the county of New York on the 16th day of November, 1921, vacating and setting aside the service of the summons and complaint upon the defendant Nellie Kenefick.

The Daylight Saving Ordinance of City of New York was adopted by the board of aldermen on March 15, 1921, and approved by the mayor on March 23, 1921. (See Proc. Bd. Ald. 1921, vol. 1, 606, No. 1503.)

*Loucks, Griffin, Connet & Cullen* [*William H. Griffin* of counsel; *William J. Cullen* with him on the brief], for the appellant.

*Larkin, Rathbone & Perry* [*Albert Stickney* of counsel; *Henry E. Kelley* with him on the brief], for the respondent.

PAGE, J.:

Upon conflicting evidence the referee reported that the summons and complaint was served on Nellie Kenefick, a defendant in this action, individually and as executrix of the last will and testament of William Kenefick, deceased, not earlier than twelve-fifteen A. M. (daylight saving time) on Sunday, September 11, 1921, and the learned justice at Special Term, after a careful reading of the testimony taken before the referee, so found and granted the motion to set aside the service. Although the appellant seeks to review this finding of fact, in my opinion this determination of the facts should be deemed conclusive.

The appellant urges, however, that twelve-fifteen A. M. September eleventh, daylight saving time, was eleven-fifteen P. M. on Saturday, September 10, 1921, standard time, which, by sections 52 and 53 of the General Construction Law (Laws of 1909, chap. 27; Consol. Laws, chap. 22), is established as follows:

" § 52. Time, standard. The standard time throughout this State is that of the seventy-fifth meridian of longitude west from Greenwich, and all courts and public officers, and legal and official proceedings, shall be regulated thereby.

" § 53. Time, use of standard. Any act required by or in pursuance of law to be performed at or within a prescribed time, shall be performed according to the standard time."

By chapter 112 of the Laws of 1918 section 52 was amended so as to provide a daylight saving time throughout the State during certain periods of each year, which was declared to be standard time for those periods, but by chapter 70 of the Laws of 1921 said section was again amended so as to restore the phraseology thereof as hereinbefore quoted. The Legislature, by an act which became a law on March 10, 1921, entitled " An Act to amend the General Construction Law, and the General Municipal Law, in relation to standard time " (Laws of 1921, chap. 70), adopted section

91 of the General Municipal Law. This act was amended on April 20, 1921 (Laws of 1921, chap. 260), by the omission of the words inclosed in brackets in the following copy of section 91 as so adopted:

" § 91. Power of certain municipalities in relation to fixing standard time in the municipality. The governing board of a city or village, by ordinance, may provide that at two o'clock ante meridian of a day to be fixed by the ordinance not earlier than the last Sunday in March of each or any year the standard time within the corporate limits of the city or village shall be advanced one hour from that of the seventy-fifth meridian of longitude west from Greenwich, and that at two o'clock ante meridian of a day to be fixed by the ordinance not later than the last Sunday of October of the same year such standard time, as so advanced, shall be retarded to the mean astronomical time of such seventy-fifth meridian west from Greenwich; and all courts and public officers [of the city or village], and legal and official proceedings within the city or village, shall be regulated by such ordinance, notwithstanding the provisions of section fifty-two of the General Construction Law, as amended."

The appellant contends that this amendment was intended to affect the time courts and public offices shall be opened, and legal and official proceedings shall be conducted within the municipality, and not thereby to change the time when any act required by or in pursuance of law was to be performed, and cites in confirmation thereof the fact that said section 91 refers only to section 52. Section 53, however, refers to the use of the standard established by section 52, and when the Legislature amended in effect that section, it provided that standard time, in those cities or villages which adopted the ordinance therein authorized, should be advanced one hour during the period therein prescribed. It does not authorize the adoption of a different time from the standard, but that within those territorial limits standard time shall be different; hence when section 53 prescribes the act shall be performed according to the standard time, it means the standard time in the locality where the act is to be performed.

It is further argued that said section 91, as added and amended by the acts of 1921 (Chaps. 70, 260, *supra*), is unconstitutional because it is a delegation of the legislative power to the governing boards of municipalities and villages in contravention of section 1 of article 3 of the Constitution of the State of New York. But section 91 does not delegate to the municipal bodies power to establish a standard time for their territory. The Legislature fixed a standard time which the municipalities and villages were thereby authorized to adopt. It has been repeatedly held that, where the Legislature

adopts a standard, it may delegate to others the power to apply the standard. The acts were constitutional.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.